UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **DISH NETWORK, L.L.C., and** § <br> **ECHOSTAR TECHNOLOGIES, L.L.C.,** § <br> § <br> § <br> **Plaintiffs,** § <br> § <br> v. § <br> § <br> **ORLANDO ESPARZA,** § <br> § <br> **Defendant.** § | **CIVIL ACTION NO.** <br><br> **SA-09-CA-0244 FB (NN)** |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

TO:   Honorable Fred Biery
      **Chief United States District Judge**

This report and recommendation recommends entry of a final judgment. In my first report and recommendation, I recommended granting the plaintiffs' motion for summary judgment and entering summary judgment on Count 2 of the complaint.[1] I also recommended an award of statutory damages on Count 2 in the amount of $10,000.00. I stated that, if the district court accepted the recommendations, I would ascertain the plaintiffs' intentions as to remaining claims and obtain supplemental briefing for an attorney-fee award. Once those matters were resolved, I promised a supplemental report and recommendation for entry of a final judgment.

The district court accepted my recommendations, entered summary judgment on Count 2, and awarded statutory damages in the amount of $10,000.00.[2] I then directed the plaintiffs to file

---

[1] Docket entry # 17.

[2] Docket entry # 22.

an advisory, stating their intention as to the remaining four counts.³  I instructed the plaintiffs that if they are satisfied with the damages award for Count 2, and desire to non-suit the remaining counts, they should submit evidence of their attorneys fees for Count 2.  I set a deadline of August 6, 2010 for filing an advisory about the remaining counts and evidence of attorneys fees.  I warned the plaintiffs that the failure to file an advisory about remaining claims and attorneys fees would be considered as abandoning those matters.  The August 6, 2010 deadline has passed.  The plaintiffs did not file an advisory.  Consequently, the remaining claims and the request for attorney fees may be considered as abandoned.  With these matters resolved, the district court may enter a final judgment in favor of the plaintiffs.

**Recommendation**: I recommend a final judgment in favor of the plaintiffs.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.⁴  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous,

---

³Docket entry # 23.

⁴28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[5] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[6]

**SIGNED** on August 11, 2010.

*[signature]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[5]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[6]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).